No. 20. MESAROSH, ALIAS NELSON, ET AL. *v.* UNITED STATES. Certiorari, 350 U. S. 922, to the United States Court of Appeals for the Third Circuit. [On a motion of the United States to remand the case to the District Court for a hearing on the credibility of a government witness.] Further consideration of the motion to remand is postponed to the hearing on the merits. Counsel are directed at the outset to address themselves to this motion and 30 additional minutes are allotted to each side for that purpose. MR. JUSTICE FRANKFURTER has filed a memorandum in this case. *Solicitor General Rankin* and *Assistant Attorney General Tompkins* for the United States. *Frank J. Donner, Arthur Kinoy, Marshall Perlin* and *Hubert T. Delany,* for petitioners, filed a memorandum opposing the Government's motion to remand and moving that the case be remanded to the District Court for a new trial.

MR. JUSTICE FRANKFURTER.

Less than six months ago, in *Communist Party* v. *Control Board,* 351 U. S. 115, a case that raised important constitutional issues, this Court refused to pass on those issues when newly discovered evidence was alleged to demonstrate that the record out of which those issues arose was tainted. It did so in the following language:

> "When uncontested challenge is made that a finding of subversive design by petitioner was in part the product of three perjurious witnesses, it does not remove the taint for a reviewing court to find that there is ample innocent testimony to support the Board's findings. If these witnesses in fact committed perjury in testifying in other cases on subject matter substantially like that of their testimony in the present proceedings, their testimony in this pro-

ceeding is inevitably discredited and the Board's determination must duly take this fact into account. We cannot pass upon a record containing such.challenged testimony. . . ." 351 U. S., at 124–125.

The Court in that case, over the protest of the Government, remanded the proceedings to the Subversive Activities Control Board so that it might consider the allegations against the witnesses and, if necessary, reassess the evidence purged of taint.

In this case, the Government itself has presented a motion to remand the case, alleging that one of its witnesses, Joseph Mazzei, since he testified in this case, "has given certain sworn testimony (before other tribunals) which the Government, on the basis of the information in its possession, now has serious reason to doubt." Some of the occurrences on which the motion is based go back to 1953. (It should be noted that the petition for certiorari was filed in this Court on October 6, 1955.) Thus the action by the Government at this time may appear belated. This is irrelevant to the disposition of this motion. The fact is that the history of Mazzei's post-trial testimony did not come to the Solicitor General's notice until less than ten days before the presentation of this motion.* It would, I believe, have been a disregard of the responsibility of the law officer of the Government especially charged with representing the Government before this Court not to bring these disturbing facts to the Court's attention once they came to his attention. And so, it would be unbecoming to speak of the candor of the Solicitor General in sub-

---

*The motion for remand states: "The complete details of Mazzei's testimony in Florida, as set forth in this motion, did not come to the attention of the Department of Justice until September 1956, and the history of Mazzei's post-trial testimony did not come to the Solicitor General's attention until less than ten days ago."

mitting these facts to the Court by way of a formal motion for remand. It ought to be assumed that a Solicitor General would do this as a matter of course.

The Government in its motion sets forth the facts which lead it to urge remand. The Government lists five incidents of testimony by Mazzei between 1953 and 1956 about the activities of alleged Communists and about his own activities in behalf of the Federal Bureau of Investigation which it now "has serious reason to doubt." The Government also notes that in the trial of this case Mazzei "gave testimony which directly involved two of the petitioners, Careathers and Dolsen." Although the Government maintains "that the testimony given by Mazzei at the trial was entirely truthful and credible," it deems the incidents it sets forth so significant that it asks that the issue of Mazzei's truthfulness be determined by the District Court after a hearing such as was held in a similar situation in *United States* v. *Flynn,* 130 F. Supp. 412.

How to dispose of the Government's motion raises a question of appropriate judicial procedure. The Court has concluded not to pass on the Solicitor General's motion at this time. It retains the motion to be heard at the outset of the argument of the case as heretofore set down. I deem it a more appropriate procedure that the motion be granted forthwith, with directions to the District Court to hear the issues raised by this motion. I feel it incumbent to state the reasons for this conviction. Argument can hardly disclose further information on which to base a decision on the motion. Furthermore, there may be controversy over the facts, and the judicial methods for sifting controverted facts are not available here. The basic principle of the *Communist Party* case that allegations of tainted testimony must be resolved before this Court will pass on a case is decisive. Indeed, the situation

here is an even stronger one for application of that principle, for we have before us a statement by the Government that it "now has serious reason to doubt" testimony given in other proceedings by Mazzei, one of its specialists on Communist activities, and a further statement by the Government that Mazzei's testimony in this case "directly involved two of the petitioners."

This Court should not even hypothetically assume the trustworthiness of the evidence in order to pass on other issues. There is more at stake here even than affording guidance for the District Court in this particular case. This Court should not pass on a record containing unresolved allegations of tainted testimony. The integrity of the judicial process is at stake. The stark issue of rudimentary morality in criminal prosecutions should not be lost in the melange of more than a dozen other issues presented by petitioners. And the importance of thus vindicating the scrupulous administration of justice as a continuing process far outweighs the disadvantage of possible delay in the ultimate disposition of this case. The case should be remanded now for a hearing before the trial judge.